```
                     UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF TENNESSEE
                            AT NASHVILLE

RICHARD MASS, JR.,            )
                              )
         Plaintiff            )
                              )   No. 3:17-1206
v.                            )   Chief Judge Crenshaw/Brown
                              )   Jury Demand
CORECIVIC INC.,               )
                              )
         Defendant            )
```

To:  The Honorable Waverly D. Crehshaw, Jr.
     Chief United States District Judge

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the Defendants' Motion for Summary Judgment (Docket Entry 25) be **GRANTED** and this case be dismissed without prejudice for failure to exhaust administrative remedies. Further, the Magistrate Judge recommends that any appeal not be certified as taken in good faith.

### BACKGROUND

The Plaintiff's complaint is summarized in the Court's initial review of this case under 28 U.S.C. 1915(b)(2) (Docket Entry 7). The Plaintiff is seeking relief from either contracting scabies or being exposed to scabies while an inmate of the Metro Davidson County Detention Facility. In his complaint (Docket Entry 1 at paragraph I), the Plaintiff alleged that he had filed an informal grievance about the matter but received no response. On May 1, 2018, a scheduling order was entered (Docket Entry 22). The Plaintiff was allowed 20 days to respond to any dispositive motions and the Plaintiff was advised that it was likely that Core Civic would file a motion to dismiss for failure to exhaust administrative remedies.

True to their word, the Defendants filed a Motion for Summary Judgment (Docket Entry 25) supported by a Memorandum of Law (Docket Entry 26); a Declaration by Mr. Aylward (Docket Entry 27) who handles inmate grievances at the Metro Davidson County Detention Facility; a Declaration of Dr. James Bridges (Docket Entry 28), the treating physician at the Detention Facility, stating that any inmate who had scabies would be provided medical treatment and that the Plaintiff did not contract scabies during his incarceration at the Detention Facility; a Declaration of John Rychen (Docket Entry 29), Assistant Warden at the Detention Facility, providing the various policies, statements, rules and regulations concerning their efforts to prevent the spread of scabies in the Detention Facility, and in particular stating that the linens of female inmates were washed entirely separately from those of male inmates; and finally a Statement of Undisputed Material Facts (Docket Entry 30).

Following the filing of this motion on June 18, 2018, the undersigned Magistrate Judge entered an order on June 20, 2018 (Docket Entry 31) giving the Plaintiff until July 20, 2018, to respond and specifically pointing out that Plaintiff could not just rely on his complaint, that he must show there was a material dispute of fact with citation to the record, affidavits, or other matters of evidence. The Plaintiff was instructed to read and comply with Federal Rule 56 and Local Rule 56.01(a). He was specifically cautioned that failure to respond to the motion or to the statement of uncontested material facts could result in the Magistrate Judge taking them as unopposed and recommending that the Defendants' motion be granted and that his case be dismissed. On July 17, 2018,

the Plaintiff sent the Court a letter (Docket Entry 32) pointing out that he did not have a lawyer or anyone to give him assistance with the paperwork and requesting time until he was released from prison to respond to the motion for summary judgment.

On July 23, 2018, the undersigned entered an order pointing out that the Plaintiff was not a member of the Graham, et al. v. Parker, et al. case involving the outbreak of scabies which was seeking class action, 3:16-cv-1954. The Plaintiff was given the address of Plaintiffs' counsel in the Graham case and was told that he was free to contact that counsel's office to see if they could assist with his case. The Court extended the Plaintiff's time to respond to the pending motion for summary judgment until August 22, 2018. The order noted that the primary issue involved in the motion for summary judgment was whether the Plaintiff exhausted his administrative remedies. Plaintiff was again cautioned that failure to respond to the new deadline could result in a recommendation that his case be dismissed with prejudice.

As of the date of this Report and Recommendation, the Plaintiff has failed to respond in any way to the motion for summary judgment or the statement of uncontested facts.

**LEGAL DISCUSSION**

## A. Exhaustion Under the Prisoner Litigation Reform Act (PLRA)

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Napier v. Laurel Co.*, 636 F.3d 218, 222 (6th Cir. 2011). The mandatory exhaustion requirement is a strict one. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Napier*, 636 F.3d at 226.

To satisfy the exhaustion requirement "prisoners must complete the administrative review process in accordance with the applicable procedural rules" that are defined by the prison grievance process itself. *Jones*, 549 U.S. at 218. This requirement includes any time limitations. *Risher v. Lappin* 639 F.3d 236, 240 (6th Cir. 2011)(citing *Woodford v. Ngo*, 548 U.S. 81, 83 (2006)). There are no futility exceptions or other exceptions to the exhaustion requirement under the PLRA. *Booth v. Churner*, 532 U.S. 731, 741 n.6(2001). The failure of a prisoner "to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the Defendants." *Jones*, 549 U.S. at 204.

## B. Motion for Summary Judgment

The court shall grant a motion for summary judgment if "the movant shows there is no genuine issue dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In considering whether to grant summary judgment

4

the evidence as well as the inferences drawn "must be read in the light most favorable to the party opposing the motion." *Spirit Airlines, Inc. V. Northwest Airlines, Inc.*, 431 F.3d 917, 930 (6th Cir. 2005)(citing *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986)). While allegations may survive a 12(b)(6) motion to dismiss, the non-movant cannot rely solely on their allegations to survive a motion for summary judgment. *Clemmer v. Key Bank N.A.*, 539 F.3d 349, 353 (6th Cir. 2008).

Because Plaintiff failed to respond to the motion for summary judgment, the statement of undisputed facts filed by Defendants are deemed undisputed for purposes of this analysis.

> "[f]ailure to respond to a moving party's statement of material facts or a non-moving party's statement of additional facts within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for purposes of summary judgment." *Local Rules of Court*, LR 56.01(g).

However, "a party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant." *Kochins*, 799 F.2d at 1134 (citing *Smith v. Hudson*, 600 F.2d 60, 64 (6th Cir. 1979)). The movant retains the burden of establishing that "the moving party is entitled to judgment as a matter of law," even if the non-moving party fails to respond. Fed.R.Civ.P. 56©. The trial court's duty is to "intelligently and carefully review the legitimacy of such an unresponded-to motion, even as it refrains from actively pursuing

5

advocacy or inventing the *riposte* for a silent party." *Nolen v. FedEx TechConnect, Inc.*, 971 F.Supp. 2d 694, 713 (W.D. Tenn. 2013)(citing *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992)). In addition, "reasonable inferences must be considered if apparent from the designated evidence and favorable to the non-moving party." *Id.*

Mr. Aylward in his affidavit (Docket Entry 27) attached the informal grievance filed by the Plaintiff (Docket Entry 27-2, page ID 166 and 167). The informal grievance in no way deals with scabies.

In reviewing the Defendant's statement of undisputed material facts (Docket Entry 30) the Plaintiff does not dispute that this was the only grievance he filed prior to filing his lawsuit. The case law is quite clear that an inmate must exhaust his administrative remedies before he may file a lawsuit about the matter. In this case, the Defendants have set forth clear proof that the Plaintiff did not file a grievance about scabies and to the extent that he filed any grievance, he did not pursue the matter through any appeal.

Although an inmate is not required to demonstrate exhaustion of their administrative remedies in their complaint, *Jones v. Bock*, 549 U.S. 199 (2007), once a defendant raises a lack of the exhaustion of administrative remedies the burden shifts to the Plaintiff to demonstrate that he actually complied with the applicable exhaustion requirements. *Napier v. Laurel County*, 636 F.3d 218, 225(6th Cir. 2011). The exhaustion requirement is mandatory and failure to

6

exhaust requires that the complaint be dismissed with prejudice. *Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006).

### RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that (1) the Defendants' motion for summary judgment (Docket Entry 25) be **GRANTED**; (2) this action be **DISMISSED** without prejudice for failure to exhaust administrative remedies as required under 42 U.S.C. 1997e(a); (3) acceptance and adoption of this Report and Recommendation constitute the final judgment in this action; and (4) any appeal not be certified as taken in good faith pursuant to 28 U.S.C. 1915(a)(3).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

It is so **ORDERED** this 27th day of September, 2018.

/s/    Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge