UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD MASS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:17-cv-01206 |
| ) | CHIEF JUDGE CRENSHAW |
| CORECIVIC INC., ) | |
| ) | |
| Defendant. ) | |

# ORDER

The *pro se* Complaint seeks relief for being exposed to scabies at the Metro-Davidson County Detention Facility. (Doc. No. 1.) Defendant operates the Detention Facility under contract with the Metropolitan Government of Nashville and Davidson County, Tennessee. (Doc. No. 29 at ¶ 2.) Before the Court is a Report and Recommendation from the Magistrate Judge (Doc. No. 35) recommending that the Court grant Defendant's Motion for Summary Judgment (Doc. No. 25) on the ground that Plaintiff failed to exhaust administrative remedies. Plaintiff filed no response to the Motion for Summary Judgment and no objections to the Report and Recommendation.

The court shall grant a motion for summary judgment if "the movant shows there is no genuine issue dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering whether to grant summary judgment the evidence as well as the inferences drawn "must be read in the light most favorable to the party opposing the motion." Spirit Airlines, Inc. v. Northwest Airlines, Inc., 431 F.3d 917, 930 (6th Cir. 2005) (citing Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986)). Because Plaintiff failed to respond to the motion for summary judgment, the statement of facts filed by Defendant is deemed

undisputed. L. Civ. R. 56.01(f). That being said, Defendant retains the burden of establishing that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Congress enacted the Prison Litigation Reform Act ("PLRA") "in the wake of a sharp rise in prisoner litigation in the federal courts." Woodford v. Ngo, 548 U.S. 81, 84 (2006) (internal citations omitted). The law seeks to alleviate the burden of this litigation by requiring prisoners to exhaust all administrative remedies before they can file suit in federal court. See 42 U.S.C. § 1997a. The "dominant concern" of the PLRA is "to promote administrative redress, filter out groundless claims, and foster better prepared litigation of claims aired in court." Porter v. Nussle, 534 U.S. 516, 528 (2002). Specifically, the law provides that "[n]o action shall be brought with respect to prison conditions under section 1983 [ ], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Napier v. Laurel Co., Ky. 636 F.3d 218, 222 (6th Cir. 2011). This mandatory exhaustion requirement is strictly enforced. Jones v. Bock, 549 U.S. 199, 211 (2007); see also Napier, 636 F.3d at 226 ("The PLRA's exhaustion requirement is a strict one."). The failure of a prisoner "to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the [d]efendant[ ]," Jones, 549 U.S. at 204, and, once raised, the burden shifts to the plaintiff to demonstrate that he actually complied with the exhaustion requirement, Napier, 636 F.3d at 225-26. If a defendant meets its burden to prove that there was no disputed issue on whether a remedy was still available at the time the Complaint was brought, and if a plaintiff did not even attempt to fully exhaust that remedy, summary judgment is appropriate. Id. at 226. Furthermore, dismissal is also warranted when a prisoner only partially exhausts a claim, does not appeal the denial of a grievance, or abandons the process. Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999).

As set forth in the Report and Recommendation, Defendant's Motion, Statement of Undisputed Facts, and Supporting Affidavits establish that (1) CoreCivic has an administrative grievance system; (2) the only informal grievance filed by Plaintiff prior to this lawsuit does not actually deal with scabies (see Doc. No. 27-2 (grievance dealing with mental health)); and (3) in any event, that grievance was neither pursued through the appeals process or completed before initiation of this action. Plaintiff has made no attempt to demonstrate, in response to Defendant's argument, that he actually complied with the exhaustion requirement. Under clear precedent, the Court need go no further.

The Report and Recommendation (Doc. No. 35) is **APPROVED AND ADOPTED**. Defendant's motion for summary judgment (Doc. No. 25) is **GRANTED** due to Plaintiff's failure to exhaust administrative remedies as required under 42 U.S.C. 1997e(a). This is a final order. The Clerk of Court shall issue a judgment pursuant to the Federal Rules of Civil Procedure and close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE